UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RICKY DARNELL BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 1:03-cv-90 |
| | ) | (Cr: 1:99-CR-89) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Ricky Darnell Brown brings this *pro se* motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, alleging, as claims for relief, ineffective assistance of counsel; involuntary and unknowing guilty plea; plain error with regard to his sentence; and a Fourth Amendment violation in connection with a vehicle search [Court File No. 1]. He has also filed a motion for summary judgment with respect to the issues raised in his § 2255 motion [Court File No. 17]. In his reply to the United States' response to his § 2255 motion, he clarifies he is not attacking his conviction itself but seeks to correct his sentence which, he contends, is "beyond the scope authorized" [Court File No. 15]. The Court will consider the motions in the reverse order from which they were filed.

### I. SUMMARY JUDGMENT MOTION

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Petitioner's motion for summary judgment, which merely reiterates the arguments made in his § 2255 motion, has provided the Court with no basis for concluding there is no genuine issue as to any material fact raised in his motion to vacate and he is entitled to judgment as a matter of law. This motion will be **DENIED** [Court File No. 17].

## II. MOTION TO VACATE

### A. STANDARD OF REVIEW

In order to obtain relief pursuant to § 2255, a petitioner must prove one of three claims: an error of constitutional magnitude; a sentence imposed outside the statutory limits; or an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). The petitioner bears the burden of establishing any claim asserted in his petition. *Mayes v. United States*, 93 F.Supp. 2d 882, 886 (E.D. Tenn. 2000). A petitioner "must show a 'fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *see Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

### B. FACTUAL BACKGROUND

On October 14, 1999, a federal grand jury returned a seven-count indictment

charging Petitioner Ricky Darnell Brown and this father, Jerry Lewis Brown, with various drug-related offenses. Count One charged both with conspiring to distribute cocaine base (crack), in violation of 21 U.S.C. § 846. Counts Two and Three charged the Petitioner with distribution of crack on specific dates in August and September of 1999, violations of 21 U.S.C. § 841(a)(1). Counts Four through Seven involved his father only.

On the day he was to go to trial, the Petitioner pleaded guilty to Counts One, Two and Three.[1] Although the parties did not enter a plea agreement, an Agreed Factual Basis supporting the Petitioner's plea was prepared and filed. It indicated the sales in August and September had been of crack cocaine and had been made to a confidential informant cooperating with the 17th Judicial District Drug Task Force. The agreed factual basis also stipulated to other sales made by the Petitioner's father from the same residence. According to the stipulation, a search warrant had been executed at the Browns' residence at a time when only the Petitioner's father was home. Crack cocaine, cash, and weapons had been located and seized. Jerry Brown had admitted to being involved in a conspiracy with his son to distribute crack cocaine. The Petitioner, who was arrested the next day, also had admitted to the conspiracy.

The Petitioner was sentenced to a term of imprisonment of 121 months on Count One and 120 months on each of Counts Two and Three, to be served concurrently with Count One. He appealed his conviction and sentence, arguing that the Court's failure to

---

[1] In his petition, he seems to be suggesting that he pled to Counts Two and Three only.

grant his motion to suppress the statements he had made at the time of his arrest violated his Fifth Amendment rights; the sentencing disparity between crack cocaine and cocaine powder was unconstitutional; and his due process rights had been violated when the government allegedly did not prove the controlled substance involved was, in fact, crack cocaine. His convictions and sentence were upheld on appeal. *United States v. Brown*, 2001 WL 1178312 (6th Cir. Sept. 24, 2001) (unpublished), *cert. denied*, 534 U.S. 1165 (2002).

This timely petition followed.

C.  DISCUSSION

1. Ineffective Assistance of Counsel

The Petitioner's first claim is that, for several reasons, he received ineffective assistance of counsel.

A petitioner who alleges a claim of ineffective assistance of counsel must show his attorney's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Where a petitioner challenges a guilty plea, he must establish: 1) the advice he received from counsel in entering the plea was not within the range of competence demanded of attorneys in criminal cases and 2), he was actually prejudiced in his defense because there is a reasonable probability that, without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985).

In judging an attorney's conduct, a court should view counsel's performance with great deference, engaging in a strong presumption that counsel rendered adequate

4

assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant so as to render the conviction unreliable. *Id.*, at 691-92. Counsel is constitutionally ineffective only if a performance which fell below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

At the trial court level and on appeal, the Petitioner was represented by Chattanooga attorney R. Dee Hobbs. The Petitioner contends, generally, Mr. Hobbs did not engage in adequate discovery; did not know the law which applied on direct review; erred in letting him be sentenced outside the prescribed range; and erred in not knowing the safety valve applied to his case.

The Petitioner's main complaint is that, in calculating his total offense level in his Presentence Investigation Report ["PSR"], the United States Probation Office took into account some drugs which had been seized from a car a year before the controlled drug buys which gave rise to Counts Two and Three of the indictment. The PSR also attributed to him drug sales made by his father as part of the conspiracy charged in Count One. The Petitioner maintains his sentence should have been based entirely on the quantities of crack involved in Counts Two and Three of the indictment—the specific drug sales to which he admitted guilt.

However, the evidence developed in this case reveals that, at the time of his

5

arrest, the Petitioner had admitted to having hidden six ounces of crack cocaine in the trunk of a 1984 automobile which had belonged to his girlfriend. Finally, the Petitioner's objections to the drug quantity calculations in his PSR were withdrawn at his sentencing hearing and no challenge to the amount of drugs attributable to him was raised on direct appeal.[2]

In contending his attorney did not conduct adequate discovery in his case, the Petitioner, apparently, is referring to the drugs found in the trunk of his girlfriend's car. His attorney never verified his girlfriend actually owned the car and never challenged the reliability of Jerome Ware, the person who told the authorities about the drugs in the car. However, he does not suggest what a more thorough investigation on the part of his attorney would have revealed and the Court is unaware of anything. The Petitioner has not demonstrated any prejudice from counsel's alleged incompetence in failing to engage in discovery concerning the drugs found in the car trunk.

With respect to his allegation that his attorney did not know the law which pertained to his direct review, he is suggesting his attorney should have amended the issues raised in his appeal to make an *Apprendi* argument. However in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any

---

[2] In a letter to the Petitioner from Attorney Hobbs, submitted as an exhibit to the § 2255 motion [Court File No. 5 at 22-23], counsel reminds the Petitioner his objections to the drug-amount finding were withdrawn because the Petitioner feared his sentence would be enhanced for obstruction of justice if he insisted on presenting testimonial evidence from Cherita Smith, his girlfriend, to counter the finding.

6

fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.*, at 490. Mr. Hobbs was correct in determining *Apprendi* did not apply because the Petitioner's sentence did not exceed the statutory maximum for the amount of crack which he himself acknowledges he should have been held accountable.

The Petitioner also asserts his attorney erred in allowing him to be sentenced outside the prescribed statutory range. This assertion makes no sense. The Petitioner claims he was subject to a range of 0 to 20 years, not 10 to 40 years. However, his sentence of 121 months falls well within the range he claims is applicable. The Court does not necessarily accept Petitioner's argument but even if the Court did the sentence is within his range.

Finally, he contends his attorney erred in not recognizing he was eligible for the "safety valve." The Court is confident Attorney Hobbs because of his experience was well aware of the safety valve. Under the Mandatory Minimum Sentencing Reform Act ("safety valve statute"), defendants who are convicted of certain crimes which carry mandatory minimum sentences may avoid those mandatory minimum sentences and be sentenced within the applicable guideline range if they meet five criteria set out in the statute. *United States v. Pratt*, 87 F.3d 811, 812 (6th Cir. 1996). In order to qualify, a defendant cannot have more than one criminal history point; he cannot have used violence or credible threats of violence or possessed a firearm or other dangerous weapon in connection with the offense; his offense cannot have resulted in death or serious bodily injury to anybody; he cannot have been an organizer, leader, manager or supervisor of others in the offense; and

7

he has to have truthfully provided all the information and evidence concerning the offense. 18 U.S.C. § 3553(f)(1) - (5).

In the original PSR, the petitioner would not have qualified for the safety valve because he was given a two-level increase for possession of dangerous weapons in connection with the drug charge. However, at his sentencing hearing, the petitioner's objection to the two-level firearms adjustment was sustained and his total offense level was reduced from 34 to 32. Because he had been found to have a criminal history category of I; was no longer being charged with possession of firearm; and had no leadership role in the offense and because his offense did not result in death or serious bodily injury the petitioner meets the first four criteria. Whether he provided full truthful information about his crimes is unknown. He made no effort at his sentencing hearing to inform the Court on this point. The record is silent on this issue. Since the safety valve operates to the advantage of Petitioner, he carried the burden of proof. We do not know what transpired between him and Attorney Hobbs regarding the safety valve nor whether Attorney considered the applicability of the safety valve. Had he qualified for the application for the safety valve, his offense level would have been decreased from 32 to 30, *see* USSG § 2D1.1(b)(6) and § 5C1.2, and his guidelines range would have been 97- 121 months. *See* USSG ch. 5 pt. A, Sentencing Table.

With the exception of the safety valve claim, all other claims alleging Attorney Hobbs provided ineffective assistance have no merit.

2. Invalid Guilty Plea

The Petitioner's second ground for relief is that his plea was not knowing and

8

Case 1:03-cv-00090  Document 18  Filed 08/18/05  Page 8 of 12  PageID #: 8

voluntary.

Before accepting a guilty plea, a court is required, under *Boykin v. Alabama*, 395 U.S. 238 (1969), to determine whether a defendant understands that he is waiving his right to a trial by jury, his right to confront the witnesses against him, and his privilege against self-incrimination. *Id.* at 243-44. Under the principles enunciated in *Boykin*, because a guilty plea involves the waiver of constitutional rights, the record must affirmatively show that a defendant who is pleading guilty understands that he is waiving those rights. Whether a plea is voluntarily and intelligently entered depends upon the particular facts and circumstances of each case. *Brady v. United States*, 397 U.S. 742, 749 (1979); *Garcia v. Johnson*, 991 F.2d 324, 327 (6th Cir.1993). A defendant must be sufficiently aware of the relevant circumstances, as well as the probable and direct consequences of his plea. *Id.* at 748; *Machibroda v. United States*, 368 U.S. 487, 493 (1962).

This claim appears to be based on the Petitioner's misconception that he pleaded guilty to Counts Two and Three only and his assumption that his sentence would be predicated on the relatively small amounts of crack cocaine involved in the two sales charged in those counts. However, a review of the plea transcript makes it clear the Petitioner knew he was also pleading to the conspiracy in Count One and that he was advised, at the time, he was facing a mandatory sentence of ten years with a possible maximum sentence of life [Court File No. 86, Plea Tr. at 8 in Criminal Case No. 1:99-cr-89]. During the colloquy, the Court advised him his sentence could not be determined until after a PSR had been prepared and, if the sentence he received turned out to be more than he expected, he would still be

9

bound by his plea. The Petitioner acknowledged he understood. And, although the sentence, obviously, did turn out to be more than he had expected, at his sentencing hearing, as noted earlier, the Petitioner withdrew any objections he had to the quantity of drugs for which he was being held responsible. This issue is entirely without merit. And, moreover, because the record reveals the Petitioner knowingly, intelligently, and voluntarily pleaded guilty, his claim that counsel was ineffective for allowing him to enter an unknowing and involuntary plea is equally without merit.

    3. Plain Error in Sentence

The Petitioner's third ground for relief is that it was plain error to sentence him outside the zero to twenty year range prescribed in 21 U.S.C. § 841(b)(1)(C). However, even if the Court agreed this was the appropriate sentencing range, the Petitioner's sentence of 121 months falls within it even if we assume the safety valve applies. Again, the Petitioner raises an issue which has no merit.

    4. Fourth Amendment Violation

In the Petitioner's final claim, he challenges the search of his girlfriend's car. He suggests his expectation of privacy was infringed and the search was conducted without probable cause. Needless to say, the Petitioner does not have standing to challenge the search of another's automobile. *Rakas v. Illinois*, 439 U.S. 128, 148-49 (1978) (finding a person has no reasonable expectation of privacy in an automobile belonging to another). Moreover, as the United States Court of Appeals for the Sixth Circuit pointed out on direct review, because the Petitioner did not enter a conditional plea reserving the right to appeal

the suppression issue, he forfeited it. *United States v. Brown*, 2001 WL 1178312 (6th Cir. Sept. 24, 2001) (unpublished), *cert. denied*, 534 U.S. 1165 (2002) (citing *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000)). As the Sixth Circuit also indicated, a guilty plea waives any independent claims of constitutional deprivations which occurred prior to the entry of the plea, including suppression issues. *Id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) and *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir.1997)). This issue was held not to be reviewable in the Petitioner's appeal, *id.*, and the same holds true with respect to this instant § 2255 motion.

## IV. CONCLUSION

For reasons indicated above, the Petitioner's § 2255 motion will be **DENIED** on all issues **EXCEPT** his claim that his attorney provided ineffective assistance by failing to seek the application of the safety valve provision at sentencing.

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively a petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F2d 85, 92 (6th Cir. 1986). Because the motion, files and records of the case do not conclusively show Petitioner is entitled to no relief, the Court will hold an evidentiary hearing, limited to this specific claim of ineffective assistance. 28 U.S.C. § 2255; *United States v. Todaro*, 982 F.2d 1025, 1029-30 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993).

This matter will be referred to the Honorable Susan K. Lee, United States Magistrate Judge, for appointment of counsel and for conducting an evidentiary hearing on the sole issue of whether Attorney Hobbs considered the applicability of the safety valve and whether the safety valve in fact was applicable to Petitioner. The Magistrate Judge is empowered to conduct the hearing in whatever manner she sees fit. Appointed counsel's role is limited to representing Petitioner solely on this issue before the Magistrate Judge. The Magistrate Judge shall make a report and recommendation to the Court when the evidentiary hearing is concluded.

A separate order will enter.

**ENTER**:

                                        **/s/**
                             **CURTIS L. COLLIER**
                        **UNITED STATES DISTRICT JUDGE**