UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RICKY DARNELL BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 1:03-cv-90/1:99-CR-89 |
| | ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M**

### I. INTRODUCTION

Ricky Darnell Brown ("Petitioner") was convicted, pursuant to his guilty pleas, of one count of conspiring to distribute cocaine base (crack), in violation of 21 U.S.C. § 846, and two counts of distribution of crack cocaine, violations of 21 U.S.C. § 841(a). He received a 121-month term of imprisonment for the conspiracy count and 120 months on each of the distribution counts, to be served concurrently with the conspiracy count. Unsuccessful in his direct appeal, Petitioner filed this *pro se* motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, alleging claims of ineffective assistance of counsel; involuntary and unknowing guilty plea; plain error with regard to his sentence; and a Fourth Amendment violation in connection with a vehicle search (Ct. File No.1).

In a prior order, the Court dismissed all claims except for the claim his attorney, R. Dee Hobbs, provided ineffective assistance by failing to seek the application of the safety-valve

exception to reduce Petitioner's mandatory minimum sentence[1] (Court File Nos. 18, 19). Thereafter, the matter was referred to the Honorable Susan K. Lee, United States Magistrate Judge, for a hearing and a report and recommendation as to that issue alone (Court File No. 19). An attorney was appointed to represent Petitioner; an evidentiary hearing was held; and, on February 16, 2006, the Magistrate Judge issued her report and recommendation (Court File No. 33).

In the report, Judge Lee concluded counsel was aware of the safety-valve statute, as well as its potential impact on Petitioner's sentence, but had made a strategic decision, based on then-existing circumstances, not to pursue sentencing under the statute. Finding counsel's decision to be objectively reasonable and further finding Petitioner had not borne his burden of showing otherwise, Judge Lee determined the failure to press for safety-valve sentencing did not involve any deficiency of performance on the part of counsel. Ultimately finding no merit to Petitioner's claim of ineffective assistance of counsel, Judge Lee recommended its dismissal and the denial of the § 2255 motion, which, as she observed, now contains only the safety-valve claim.

Before the Court are Petitioner's objections to Judge Lee's recommendations (Court File No. 34). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b). The Court has reviewed *de novo* the legal conclusions and factual findings in the magistrate judge's report to which Petitioner has filed specific objections. *See* 28 U.S.C. §

---

[1] Under the Mandatory Minimum Sentencing Reform Act ("safety-valve statute"), defendants who are convicted of certain crimes that carry mandatory minimum sentences may avoid the mandatory minimums and be sentenced within the applicable guideline range, provided they meet five criteria. 18 U.S.C. § 3553(f)(1) - (5). A companion safety-valve provision was added to the federal sentencing guidelines. *See* USSG § 5C1.2. For the sake of simplicity, the Court has used, interchangeably, the term "safety valve" and the word "statute" to refer both to the sentencing statute and the guidelines provision.

636(b)(1)(C); *Flournoy v. Marshall*, 842 F.2d 875 (6th Cir. 1988). The Court now finds there was no error in the report, and, for the following reasons, will **ADOPT** the recommendations that Petitioner's claim of ineffective assistance be **DENIED** and his motion to vacate be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court addresses each objection individually.

## II.  PETITIONER'S OBJECTIONS

To qualify for the safety-valve exception to mandatory minimum sentencing, a defendant must satisfy the five following criteria: (1) he cannot have more than one criminal history point; (2) he cannot have used violence or credible threats of violence or possessed a firearm or other dangerous weapon in connection with the offense; (3) his offense cannot have resulted in death or serious bodily injury to anyone; (4) he cannot have been an organizer, leader, manager or supervisor of others in the offense; and (5) he must have truthfully provided all the information and evidence concerning the offense to the Government. 18 U.S.C. § 3553(f)(1) - (5); USSG § 5C1.2. Because the Court had determined, prior to requesting the report and recommendation, Petitioner met the first four criteria (Ct. File Nos. 18, 19), the fifth statutory prerequisite for a safety-valve reduced sentence, the so-called "tell all" provision, is the only one now at issue. Though far from clear, Petitioner seemingly raises two objections—the first one to the Magistrate Judge's factual finding concerning counsel's knowledge of the safety valve and the other to her conclusion counsel's decision not to seek safety-valve sentencing was a strategic one that was not objectively unreasonable.

### A. "Aware of the safety valve" finding.

Judge Lee determined Mr. Hobbs, based on his testimony at the evidentiary hearing, had

3

been aware of the safety valve and of its potential to reduce Petitioner's sentence. Petitioner, while not explicitly challenging this factual conclusion, does so by negative inference. If Mr. Hobbs had actually thought about the application of the safety valve, according to Petitioner's theory, he would have pointed to Petitioner's post-arrest statement to a law enforcement officer, and then would have argued the statement constituted a confession of significant proportions,[2] and finally would have suggested, by means of his statement, Petitioner had already satisfied the "tell all" component of the safety-valve statute. Boiled down to its essence, Petitioner's position is that his theory is correct, which necessarily implies the magistrate judge's factual finding is not. If this is Petitioner's true position (*i.e.*, an attorney with knowledge of the safety valve would have conducted the defense differently), it is unsound and it is rejected.

During his testimony at the evidentiary hearing, Mr. Hobbs detailed his extensive experience and his expertise in sentencing guidelines issues. He stated he was familiar with the safety valve, as well as its tell-all component, though he did not recollect whether he specifically thought about or discussed the safety valve after Petitioner prevailed on the firearms enhancement during the sentencing hearing. Mr. Hobbs also stated he had believed it unwise for Petitioner to be put in a position of hurting himself by pursuing a safety-valve reduction[3] and had made, "by implication," a strategic decision not to seek application of the safety valve at the sentencing hearing.

This brief recounting of the facts demonstrates the Magistrate Judge's finding Mr. Hobbs

---

[2]In his statement, Petitioner admitted to his involvement in the cocaine conspiracy with his father and revealed details as to quantity of drugs, length of time he had engaged in selling cocaine, and other information.

[3]Mr. Hobbs testified Petitioner had told him things Mr. Hobbs could not corroborate. When viewed with Mr. Hobbs' further testimony about this matter, the Court assumes this to be his delicate way of expressing doubts about his client's truthfulness in any potential proffer.

4

was aware of the safety valve and its possible effect on Petitioner's sentence was moored in the evidence adduced at the evidentiary hearing. Moreover, it is the province of the fact finder—here, Judge Lee—to determine which of reasonable competing inferences she will draw and whether the party who bears the burden of proof has convinced her the pertinent facts have been proven. *See Cifra v. G.E. Co.*, 252 F.3d 205, 215 (2nd Cir. 2001). Thus, it makes no sense (and does not comport with case law) to reject Judge Lee's evidence-derived, well-reasoned finding of fact on the issue of counsel's awareness of the safety valve in favor of Petitioner's speculation as to the course of action that would have been taken by an attorney who was aware of the sentencing-shortening statute. This objection has no merit.

**B. The "objectively reasonable" finding.**

As noted earlier, to satisfy the fifth statutory prerequisite for a safety-valve reduced sentence, a defendant must have truthfully provided all the information and evidence concerning the offense. The Magistrate Judge found counsel's decision not to press for safety-valve relief at sentencing by arguing an adequate proffer had already been made or by seeking a continuance of the sentencing proceeding to allow Petitioner to proffer more fully was objectively reasonable. Petitioner objects to Judge Lee's conclusion.

As Judge Lee observed in her report and recommendation, a claim of ineffective assistance of counsel is governed by the standard in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a petitioner to show: 1) his attorney's performance was deficient in that it fell below an objective standard of reasonableness and 2) the deficient performance prejudiced his defense. *Id.*, at 687-88. Counsel's performance is to be judged, not in hindsight, but under the circumstances which existed at the time of the purported error. *Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993)

5

(counsel's conduct must be assessed contemporaneously, not in hindsight, which involves a natural tendency to speculate whether a different trial strategy might have been more successful). To show prejudice in the context of a guilty plea, a petitioner must establish that, but for counsel's errors or omission, there is a reasonable probability he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, a lawyer's tactical decisions, which carry a presumption that the alleged error might be considered sound trial strategy, are particularly difficult to attack. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir.1994). After all, the Sixth Amendment requires competent representation, not a perfect defense. *United States v. Nfatanel*, 938 F.2d 302, 209-10 (1st Cir. 1991).

The Magistrate Judge applied these standards to Petitioner's case, concluding, in view of the then-existing circumstances, Mr. Hobbs had identified sound strategic reasons not to seek safety-valve-sentencing; the decision not to seek such sentencing relief was objectively reasonable and did not constitute a deficiency of performance; and Petitioner had not carried his burden of showing otherwise. Since Petitioner had not shown deficient performance, the Magistrate Judge did not address the prejudice prong of *Strickland*.

Again, Mr. Hobbs offered testimony at the evidentiary hearing that was key to Judge Lee's challenged conclusion. Mr. Hobbs stated he and his client had learned, on the eve of trial, the expected testimony of a material witness, Petitioner's former girlfriend Cherita Smith, would not help the defense, as they had believed, but instead would be harmful.[4] According to Mr. Hobbs, this

---

[4] Ms. Smith had informed a state law enforcement officer Petitioner, during a telephone conversation with her while he was incarcerated on the cocaine charges, had instructed her to lie if she were called to the stand, by testifying the crack cocaine found inside the trunk of her vehicle belonged to someone other than him. This information was contained in the interviewing officer's notes, which were furnished to the defense during discovery.

was a substantial concern in evaluating whether to ask for safety-valve sentencing because, had such information been presented to and accredited by the Court, it would have supported a two-point enhancement for obstruction of justice and, at the same time, would have jeopardized the two-point reduction in sentence for acceptance of responsibility recommended by the probation officer in Petitioner's presentence investigation report.[5]

Another concern identified by Mr. Hobbs was any incriminating information divulged by Petitioner in a proffer could be used to his disadvantage since he was not protected by a plea agreement. (Plea agreements, generally, contain a provision which immunizes a defendant from prosecution or further sentence enhancement for any truthful information he discloses to the government during a debriefing session.) Mr. Hobbs' testimony also reflected Petitioner had told him certain things counsel could not corroborate and seeking to benefit from the safety valve might lead to a sentence enhancement if the government believed him to be dishonest during a proffer. (If the Court had reached a similar conclusion regarding his truthfulness, this would have eliminated safety-valve sentencing altogether because the "tell-all" provision requires a *truthful* proffer.)

"[T]he relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs v. Calderone*, 133 F.3d 732, 736 (9th Cir. 1998). Viewing the challenged conduct under the facts as they existed at the time of Petitioner's sentencing and affording "a heavy measure of deference to counsel's judgment," *see Strickland*, 466 U.S. at 689, 691, the Court concludes, as did Judge Lee, Mr. Hobbs' decision not to seek sentencing under the safety valve was adequately-informed, tactical, and well

---

[5] Except in rare cases, an acceptance-of-responsibility decrease is generally not appropriate if a defendant's conduct has resulted in an obstruction-of-justice enhancement under USSG. § 3C1.1. *See* Application Note 4 of the Commentary to Guideline 3E1.1 (Acceptance of Responsibility).

7

within the range of professionally reasonable choices.[6] There is no basis for Petitioner's objection his counsel's assistance fell below an objective standard of reasonableness.

## III. CONCLUSION

For the foregoing reasons, Petitioner is not entitled to relief on his sole remaining claim of ineffective assistance of counsel and his motion to vacate will be **DENIED**.

Petitioner may not appeal a final order in this § 2255 case to the United States Court of Appeals for the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). The Court must now consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Issuance of a COA depends entirely upon whether Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has individually assessed Petitioner's claims, including the ones dismissed by earlier order, under the relevant standards and finds those claims do not deserve to proceed further because they have no viability in light of the governing law and jurists of reason would not conclude the disposition of those claims was debatable or wrong. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

A separate order will enter.

---

[6] Though it could be said the better path would have been for counsel to explain to Petitioner safety-valve sentencing, as well as the perceived risks attendant to a proffer, the Court is mindful the purpose of the Sixth Amendment is not to improve the quality of legal representation, *Strickland*, 466 U.S. at 689, and it requires not a perfect defense, but only reasonably competent representation, which the Court is convinced was rendered in this case by Mr. Hobbs.

8

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**